**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS R. TAYLOR, | No. 13-15230 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-03851-WHA |
| v. | |
| UNITED STATES PATENT AND TRADEMARK OFFICE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 17, 2013[**]

Before:      GOODWIN, WALLACE, and GRABER, Circuit Judges.

Marcus R. Taylor appeals pro se from the district court's judgment

dismissing his action alleging violations of various federal laws arising from the

alleged leak of his confidential patent disclosure statement.  We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of a motion for leave to amend a complaint, *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013), and we affirm.

The district court did not abuse its discretion by denying Taylor leave to amend his complaint to allege fraud because the United States and its agencies are immune from claims of fraud under the Federal Tort Claims Act (the "FTCA"), and, therefore, Taylor's proposed amendment would have been futile. *See id.* at 1196 (holding that it is not an abuse of discretion to deny leave to amend where the district court could reasonably conclude that further amendment would be futile); *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) (stating that "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h) [of the FTCA]").

We do not consider allegations raised for the first time on appeal regarding the alleged violation of Taylor's Fourth Amendment right against the unlawful seizure of property. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**